# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARIO CHAGOYA,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 22-CV-356-JPS<br><br>**ORDER** |

　　　　On July 1, 2021, this Court sentenced Petitioner to 100 months of imprisonment. Case No. 19-CR-246, ECF No. 73. Petitioner did not appeal the sentence. On March 21, 2022, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence. ECF No. 1. That motion is now before the Court for screening. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000).

　　　　Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the government to respond to the petition.

The Court begins by addressing the timeliness of Petitioner's motion. Section 2255(f) provides a one-year limitations period in which to file a motion thereunder. 28 U.S.C. § 2255(f). That period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The Court entered judgment in Petitioner's case on July 8, 2021; and he would have had a sixty-day timeframe in which to appeal, Fed. R. App. P. 4(a)(1)(B), making his judgment final on September 6, 2021. He filed this petition on March 21, 2022, well within the one-year timeframe.

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Petitioner did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Petitioner

may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Petitioner raises five grounds of relief: (1) that counsel provided ineffective assistance during plea negotiations (Petitioner asserts that he pled to an "attempt" charge, but was sentenced as if he completed the offense); (2) that the parties and the Court applied incorrect Guidelines to his sentence; (3) that United States Sentencing Guideline § 1B1.3 is unconstitutional as-applied; (4) that counsel provided ineffective assistance by failing to object to the application of U.S.S.G. § 2D1.1(b)(1); and (5) that counsel committed ineffective assistance by failing to object to or appeal the Magistrate Judge's ruling on the Fourth Amendment violation.

Petitioner has not explained whether there was cause for his failure to raise any of these claims on appeal, nor how that failure has prejudiced him. The only claims that are not precluded are those arising from the alleged ineffective assistance of counsel. Therefore, the Court will permit Petitioner to proceed on the three ineffective assistance of counsel claims, which may be raised for the first time in a Section 2255 motion. *Massaro*, 538 U.S. at 504.

Having determined that Petitioner's claims do not fall to the statute of limitations or procedural default, the Court will finally consider whether the claims are cognizable and non-frivolous. At this juncture, the Court finds that Petitioner's sought-after relief is cognizable and non-frivolous. Petitioner may therefore proceed on the following grounds:

**Ground One**: Counsel provided ineffective assistance during plea negotiations and sentencing (Petitioner asserts that he pled to an "attempt" charge, but was sentenced to as if he completed the offense);

**Ground Four:** Counsel provided ineffective assistance by failing to object to the application of U.S.S.G. § 2D1.1(b)(1); and

**Ground Five:** Counsel committed ineffective assistance by failing to object to or appeal the Magistrate Judge's ruling on the Fourth Amendment violation.

Accordingly,

**IT IS ORDERED** that Petitioner's Second and Third Grounds for habeas relief be and the same are hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.

    b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge