# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARIO CHAGOYA,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 22-CV-356-JPS

**ORDER**

      On March 21, 2022, Petitioner Mario Chagoya filed a motion pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence. ECF No. 1. On May 24, 2022, this Court issued a screening order allowing his section 2255 motion to proceed on three ineffective assistance of counsel (IAC) claims, and disallowing two other claims due to procedural default. ECF No. 2. The Court then ordered the United States to respond to Mr. Chagoya's IAC claims with either an answer or a motion. *Id.* at 4–5. The United States responded on June 2, 2022 with a motion asking the Court to find Mr. Chagoya had waived his attorney-client privilege for communications related to his IAC claims. ECF No. 3. That motion to find waiver of attorney-client privilege is now fully briefed, including various objections and ancillary motions by Mr. Chagoya. ECF Nos. 6, 7, 9, 13. However, as detailed in this Order, the Court will reserve ruling on the United States' motion for waiver of privilege, and Mr. Chagoya's related motions, at this time.

      For now, this Order addresses two motions by Mr. Chagoya: (1) a motion asking the Court to reconsider those claims it earlier disallowed him from pursuing, ECF No. 4; and (2) a motion to supplement his original petition with two new grounds for habeas relief, ECF No. 8. The United

States' time for filing a response brief on each motion has expired with no brief filed, so the Court may decide the motions without further briefing from the parties. *See* Civ. L.R. 7(b). The Court will deny Mr. Chagoya's motion to reconsider the previously-disallowed claims. The Court will deny without prejudice his motion to supplement his original petition with new claims and grant him leave to amend his petition.

1.      **MOTION FOR RECONSIDERATION**

Mr. Chagoya has moved this Court to reconsider its decision at screening to not allow him from pursuing two of his claimed bases for habeas relief. ECF No. 4. The Court did not allow Mr. Chagoya to proceed on these two claims, which did not allege ineffective assistance of counsel but rather alleged that "the parties and the Court applied incorrect Guidelines to his sentence" and "that United States Sentencing Guideline § 1B1.3 is unconstitutional-as-applied," because Petitioner failed to raise and exhaust these claims on direct appeal and did not explain the cause for this failure nor how the alleged errors prejudiced him while his prosecution was pending. ECF No. 2 at 3; *see also Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989) ("[T]o avoid the waiver caused by the failure to raise issues on direct appeal . . . a section 2255 petitioner must show both (1) good cause for his failure to pursue an issue on direct appeal, and (2) actual prejudice stemming from the alleged constitutional violation.")

As the authority for his reconsideration motion, Mr. Chagoya cites Federal Rules of Civil Procedure 59(e) and 54(b). ECF No. 4 at 2. He argues that "under the court's supervisory power, the district courts in this Circuit must address all claims presented regardless of whether relief is granted or

denied," and that "policy considerations" militate in favor of resolving all his allegations of constitutional violations in a single proceeding. *Id.* at 2.

Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Motions for reconsideration under Rule 54(b) are granted only in rare circumstances. They are appropriate in very few contexts, such as where the Court has "patently misunderstood a party," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales*, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Reconsideration is "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Such error "is not demonstrated by the disappointment of the losing party" but instead "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010)

(quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

Although 54(b) is the operative standard here, *see Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating that "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment"), Mr. Chagoya has not met either standard. The Court disallowed the claims Mr. Chagoya now seeks to resurrect because he failed to comply with the applicable procedural requirements for bringing those claims in a section 2255 petition. Mr. Chagoya has provided no new explanation for his failure that satisfies either the 59(e) or 60(b) reconsideration standard. His motion for reconsideration must therefore be denied.

"[A]bsent a showing of cause for the procedural default and actual prejudice resulting from the errors petitioner alleges, the failure to raise an issue which could have been raised on direct appeal precludes section 2255 review." *Theodorou*, 887 F.2d at 1139. Mr. Chagoya did not raise his two claims on direct appeal, demonstrate good cause for his failure to do so, or explain how the alleged constitutional violations prejudiced him—indeed, this was the basis for the Court's disallowing of them at screening. *See* ECF No. 2 at 3. At this time, Mr. Chagoya has not offered—either in this motion for reconsideration, or in his multiple other filings—any facts from which the Court could *now* conclude he had good cause to forego a direct appeal of these two claims, or how he was prejudiced by the alleged violations. His dislike of or disagreement with the Court's disallowing of his claims is not sufficient grounds to find that action by the Court was improper. Mr. Chagoya's argument that "policy considerations" alone support the "one-

proceeding treatment" of his case is unpersuasive given that he has not met the applicable legal standard. ECF No. 4 at 2–3. He has pointed to no legal error, newly discovered evidence, or other factor that would justify reconsideration of his claims that were disallowed at screening. The Court is not at liberty to waive the appeal-exhaustion requirement[1] and therefore will not reconsider its prior disallowing of these claims on that basis.

In light of all this, the Court is obliged to deny Mr. Chagoya's motion for reconsideration, ECF No. 4.

## 2. MOTION TO SUPPLEMENT PETITION

Additionally, Mr. Chagoya moves this Court to allow him to supplement his initial section 2255 petition with two additional bases for relief. ECF No. 8.

"Because the Rules Governing Section 2255 Proceedings for the United States District Courts do not deal with amendments to motions for

---

[1] The Court appreciates that Mr. Chagoya is in somewhat of a Catch-22 in this regard. In his plea agreement, Mr. Chagoya waived his right to directly appeal or raise post-conviction challenges to his conviction or sentence except on four grounds, none of which apply to the two claims the Court has already disallowed and which he now seeks to resurrect through his motion for reconsideration. *See United States v. Chagoya*, 19-CR-246-JPS (E.D. Wis. 2019), ECF No. 58 at 10. In effect, the Court cannot consider these two claims because Mr. Chagoya has not appealed them, which his plea agreement bars him from doing, and which he has not yet attempted to do.

However, Mr. Chagoya agreed to this waiver, and the Court cannot at this time undo the bind in which Mr. Chagoya finds himself. See *Hurlow v. United States*, 726 F.3d 958, 964 (stating that "waivers of direct and collateral review in plea agreements are generally enforceable"). Because Mr. Chagoya, by virtue of his plea agreement, opted out of being able to subject these two claims to direct appeal, he may not now reverse-engineer the Court into considering these claims via a motion to reconsider the disallowing of those claims from a collateral review petition.

collateral review, the district court should turn to [Federal Rule of Civil Procedure] 15(a)." *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *see also* 28 U.S.C. § 2242. When a party's time to amend its pleading as a matter of course expires, they may seek leave of court to amend their pleading, and the court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a section 2255 motion "may be freely amended as long as the amendments do not add entirely new claims after the statute of limitations for filing the motion has passed." *United States v. Borchert*, No. 2:13-CR-81, 2017 WL 413179, at *2 (N.D. Ind. Jan. 30, 2017) (quoting *United States of America v. Hull*, No. 2:02-CV-2, 2006 WL 752481, at *1 (N.D. Ind. Mar. 21, 2006). The statute of limitations for filing a section 2255 motion is one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

Mr. Chagoya filed his motion to supplement his petition on July 8, 2022. ECF No. 8. As the Court noted in its screening order, his judgment became final on September 6, 2021, after his time to appeal elapsed. ECF No. 2 at 2. His proposed amendments are therefore well within the statute of limitations applicable to his section 2255 motion.

Mr. Chagoya seeks to add two new claims. One is another ineffective assistance of counsel (IAC) claim. He alleges that his plea agreement is voidable because he entered into it while Attorney Jensen "labored under [a] conflict[t] of interest" and "he was not aware that by him signing the contract/plea agreement he would be waiving all of [Attorney Jensen's] conflic[ts] of interest in relation to Defendant Chagoya's rights to challenge

the validity of the waivers to appeal, collateral review or challenge[] the guilty plea, and plea agreement." ECF No. 8 at 2.[2]

His other proposed claim relies on the Supreme Court's recent decision in *United States v. Taylor*, decided June 21, 2022—after Mr. Chagoya's conviction and sentencing occurred and his time for direct appeal expired. *See* ECF No. 2 at 2; Fed. R. App. P. 4(a)(1)(B). *Taylor* holds that attempted Hobbs Act robbery does not qualify as a crime of violence and therefore does not trigger an enhanced penalty under 18 U.S.C. § 924(c)(3)(A). *United States v. Taylor*, 596 U.S. ___ (2022). Mr. Chagoya argues that, because he pled guilty to an inchoate crime (attempted possession with intent to distribute a controlled substance), the "far-reaching" result in *Taylor* dictates that he should not have been subject to any sentence enhancements for weapons used or possessed in the offense of conviction and is actually innocent "of any sentence enhancements." ECF No. 8 at 2–3.

Mr. Chagoya's attempt to add additional claims to his petition suffers from a technical flaw, however, so the Court at this time is

---

[2]Mr. Chagoya does not further describe the nature of the conflict of interest Attorney Jensen had at the time of plea negotiation. When he filed his motion to add this new claim, Mr. Chagoya made a separate filing in which he strenuously objected to the United States' motion to find waiver of attorney-client privilege. *See* ECF No. 7. His objections seem to be based on a suspicion that the United States' motion for waiver will result in Attorney Jensen actively cooperating or colluding against Mr. Chagoya's habeas petition. *Id.* at 1–2.

Comparing those objections with the new IAC claim in the motion to supplement, the Court is left to wonder: when did the alleged conflict of interest arise?

If Mr. Chagoya is arguing that Attorney Jensen's prospective filing, upon a judicial finding of waiver of privilege, of an affidavit in response to the IAC claims *now* at issue constitutes a conflict of interest that tainted the plea negotiation process *back then*, he has no IAC claim. *See U.S. v. Wallace*, 276 F.3d 360, 366–67 (7th Cir. 2002) (petitioner alleging IAC claim based on trial counsel's conflict of interest must demonstrate a link between the conflict and the ineffective assistance of counsel). But if Mr. Chagoya can more clearly articulate what conflict of interest Attorney Jensen had at the time of plea negotiation that rendered the plea involuntary, he may have an IAC claim.

constrained to deny his motion without prejudice and give him leave to amend his petition following the proper procedure. The Federal Rules of Civil Procedure and the Eastern District's local rules require a litigant moving to amend his pleading to "reproduce the entire pleading as amended." Civil L.R. 15(a). Pleadings may not be amended in a piecemeal fashion; the proposed amended pleading must be complete and set forth all claims against all defendants—or respondents, in the case of a habeas petition—in one document. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that piecemeal amendments make it difficult "for the defendant to file a responsive pleading and…for the trial court to conduct orderly litigation"). Mr. Chagoya has not fully complied with Local Civil Rule 15(a), which requires him to submit a proposed amended petition in full attached to his motion.

In addition to its technical flaw, Mr. Chagoya's amended petition does not provide the Court with sufficient facts to screen the IAC claim he seeks to add. As discussed in note 2, *supra*, he must more clearly describe Attorney Jensen's conflict of interest that allegedly tainted the plea agreement—what was it and when did it arise? These facts are important to the Court's screening of the claims as well as the scope of any waiver of attorney-client privilege, if recognized.

Because of these flaws, the Court at this time will deny without prejudice Mr. Chagoya's motion to supplement his section 2255 petition with new claims, and give him leave to amend his petition. In light of the pending motion on waiver of attorney-client privilege and Mr. Chagoya's strident objections thereto, the Court also notes that the generally accepted rule is that a litigant that challenges the sufficiency of his attorney's services

impliedly waives the attorney-client privilege as to matters relating to those issues. *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir.1995). "When a petitioner expressly denies waiver of the privilege after asserting an ineffective assistance of counsel claim, the claim cannot stand unless the petitioner permits disclosure of communications necessary for the respondent to adequately defend against the ineffective assistance of counsel claim." *Knope v. United States*, No. 13-C-0043, 2015 WL 2185990, at *2 (E.D. Wis. May 11, 2015). "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). "The court should recognize a waiver no broader than necessary to ensure the fairness of the proceedings" and should authorize "disclosure of only those communications specific to the claim." *Knope*, 2015 WL 2185990, at *2 (citing *Bittaker*, 331 F.3d at 720). The Court will later consider the United States' motion for waiver of privilege in light of these statements, and at this time leaves it up to Mr. Chagoya to contemplate the tradeoffs involved in bringing his IAC claims.

If Mr. Chagoya elects to proceed with amending his petition, he must enumerate all his claims (the three IAC claims the Court allowed to proceed after its initial screening order, *see* ECF No. 2; the IAC and *Taylor* claim he now seeks to add; or other claims he wishes to add, so long as they are properly before the Court in light of the appeal-exhaustion requirement applicable to section 2255 petitions) in a **single** pleading. He may not include claims the Court has already disallowed him from raising. He should use Eastern District's form for bringing a section 2255 motion to

enumerate his claims, which the Court will direct the Clerk of Courts to mail to Mr. Chagoya along with this Order. He must file any amended petition no later than **September 30, 2022.**[3]

### 3. CONCLUSION

The Court resolves, as set forth above, two of the five pending motions in this case. Once the Court has received Mr. Chagoya's amended petition (should he elect to file one), the Court will screen his new claims, address the pending motion for waiver of privilege and related motions to compel, and further specify a timeline for briefing of the merits of Mr. Chagoya's case.

Accordingly,

**IT IS ORDERED** that Petitioner Mario Chagoya's motion for reconsideration on his disallowed claims, ECF No. 4, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya's motion to supplement his original petition, ECF No. 8, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya may file an amended petition, setting forth all his claims for relief in compliance

---

[3]The statute of limitations for Mr. Chagoya's petition expires on September 6, 2022. However, "the statute of limitations in section 2255 is just that—a statute of limitations, not a jurisdictional limitation, and so it can be tolled." *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). "As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend . . . tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993). Therefore, the Court may accept Mr. Chagoya's amended petition, if he files one, after the applicable statute of limitations under section 2255.

with the procedure detailed in this Order, no later than **September 30, 2022**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of the Eastern District's form for bringing a section 2255 motion to Petitioner Mario Chagoya along with this Order.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 11 of 11

Case 2:22-cv-00356-JPS   Filed 09/06/22   Page 11 of 11   Document 14