# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARIO CHAGOYA,

                              Petitioner,

v.                                                          Case No. 22-CV-356-JPS

UNITED STATES OF AMERICA,

                                                            **ORDER**

                              Respondent.

On March 21, 2022, Petitioner Mario Chagoya ("Chagoya") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence. ECF No. 1. On May 24, 2022, this Court issued a screening order, allowing his § 2255 motion to proceed on three ineffective assistance of counsel (IAC) claims and disallowing two other claims due to procedural default. ECF No. 2. The Court then ordered the United States to respond to Chagoya's IAC claims with either an answer or a motion. *Id.* at 4–5. The United States responded on June 2, 2022 with a motion asking the Court to find Chagoya had waived his attorney-client privilege for communications related to his IAC claims. ECF No. 3.

Subsequently, Chagoya (1) moved the Court to reconsider its dismissal of the two defaulted claims, ECF No. 4; (2) requested that he be allowed to supplement his original petition with two new grounds for relief, ECF No. 8; (3) filed motions to compel his prior defense counsel, Jeffrey W. Jensen ("Attorney Jensen"), to turn over his client file, ECF Nos. 6 and 9; and (4) objected to the United States' motion for waiver, ECF Nos. 7 and 13. The Court denied the motion to reconsider, denied without prejudice the motion to supplement the petition, granted Chagoya leave to

amend his petition to bring all his claims in one place, and deferred ruling on the motion for waiver and motions to compel. ECF No. 14.

Chagoya filed an amended § 2255 motion on September 20, 2022. ECF No. 15. Alongside the amended petition, Chagoya filed a "motion for relief," once again challenging the Court's prior rejection of two of his claimed grounds for habeas relief. ECF No. 16. The Court will grant the motion for relief for the reasons stated below, and accordingly will vacate the prior screening order and the order denying his prior motion for reconsideration to the extent it affirmed the dismissal of two of his claims at screening for procedural default. This Order then turns to screen Chagoya's amended § 2255 motion and lays out the claims on which his motion may proceed.

Relatedly, the United States' motion to find waiver of attorney-client privilege, which is fully briefed, ECF Nos. 3, 7, 13, will be granted, and the scope of that waiver will be defined relative to the claims on which Chagoya may proceed. Finally, Chagoya's motions to compel Attorney Jensen to turn over his client file to him, and Chagoya's related discovery requests, will be denied.

## 1.    CHAGOYA'S MOTION FOR RELIEF

Chagoya moves pursuant to Federal Rule 60(b) for "relief from judgment on [the Court's] last two orders"—the screening order that disallowed him from proceeding on two of his claimed grounds for relief, ECF No. 2, and order denying his motion for reconsideration on dismissal of those two claims, ECF No. 14. ECF No. 16 at 1. Those two grounds for relief, as the Court described them in its first screening order, were that "the parties and the Court applied incorrect Guidelines to his sentence" and

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 2 of 31   Document 17

"that United States Sentencing Guideline § 1B1.3 is unconstitutional-as-applied." ECF No. 2 at 3. The Court dismissed these claims for procedural default because Chagoya failed to directly appeal these claims and did not explain the cause for this failure nor how the alleged errors prejudiced him while his prosecution was pending. *Id.*

Chagoya argues generally that the Court's dismissal of these grounds for relief and further denial of his motion for reconsideration were improper because he was not afforded "a notice [the Court] intended to summarily dismiss grounds two and three," in violation of the Due Process Clause. ECF No. 16 at 3–5. With respect to the specific claims he believes should not have been dismissed: first, he argues that it was legal error for the Court to dismiss at screening the claim as to the constitutionality of United States Sentencing Guideline § 1B1.3 because, under § 2255(a), he was entitled to "raise a constitutional attack against a guideline rule" for the first time on a habeas motion. *Id.* at 7. Second, he argues that the claim as to the application of the incorrect Guidelines to his sentence was actually an ineffective assistance of counsel (IAC) claim and the Court's misapprehension of this claim led to its improper dismissal on procedural default grounds. *Id.* at 8.

The Court will grant Chagoya's motion for relief for the reasons stated below. To this end, the Court's prior screening order, ECF No. 2, will be vacated in full, and the prior order, ECF No. 14, vacated in part to the extent it denied his motion for reconsideration on his disallowed claims on the basis of procedural default. The Court screens Petitioner's amended § 2255 motion in Section 2 *infra.*

### 1.1 Legal Standard

A threshold question is what standard applies to Petitioner's motion for relief, ECF No. 16. Chagoya brings his motion pursuant to Federal Rule of Civil Procedure 60(b), which applies to *final* judgments, orders, and proceedings. Neither of the Court's prior two orders is technically a final order or judgment because neither adjudicates all the claims or the rights and liabilities of all parties, *see* Fed. R. Civ. P. 54(b). Chagoya was allowed to proceed on some claims after the initial screening order, and remained so after the Court's denial of his first motion for reconsideration. In this respect, his motion is properly considered under Federal Rule of Civil Procedure 54(b).

On the other hand, the Seventh Circuit has held that dismissals of § 2254 petitions for failure to exhaust state remedies are "final, appealable judgment[s]" even if the dismissal operates without prejudice. *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 580 (7th Cir. 2022). Chagoya's case, of course, presents a different context, since the issue is procedural default (which is distinct from but related to the failure-to-exhaust doctrine) of some but not all claims in a § 2255 motion. Here, the Court never specified whether the dismissal of the two claims due to procedural default operated with or without prejudice (i.e., whether Chagoya could still attempt to directly appeal those claims, or explain his failure to appeal them)—but the Court was effectively "done" with these two claims when it disallowed Chagoya's § 2255 motion from proceeding on them. *See id.* at 575 (noting that a "district court's dismissal [for procedural default] certainly seems final as a practical matter: the district court is done with the case"). This posture would counsel in favor of review under the Rule 60(b) standard.

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 4 of 31   Document 17

In any event, the distinction is largely academic, because the 54(b) and 60(b) (and by extension, the 59(e)) standards share much in common. The Court lays out each potentially applicable standard here, and will examine Chagoya's arguments for relief in turn under the appropriate standard(s).[1]

"Courts in the Seventh Circuit . . . generally apply the standards of Rule 59(e) or Rule 60(b)" to motions such as Chagoya's. *Gladney v. Pollard*, No. 21-CV-606-PP, 2022 WL 957966, at *1 (E.D. Wis. Mar. 30, 2022). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party [but rather] the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(1) allows relief where a judge has committed legal error. *Kemp v. United States*, 596 U.S. ____ (2022). "Rule

---

[1]Chagoya appears to argue for an "abuse of discretion" standard to be applied. ECF No. 16 at 3. This is the standard of appellate review and is not applicable at the district court level on a motion for reconsideration posture. *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). Despite not applying Chagoya's suggested standard of review, the Court's extensive analysis under the above-detailed standards should still prove more than adequate.

60(b)(4)," authorizing reconsideration where a judgment is void, "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Rule 60(b)(6)'s residual catchall provision justifies relief only where the rule's other reasons do not apply and where the movant demonstrates extraordinary circumstances justifying relief. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Similarly, motions for reconsideration under Rule 54(b) of orders that adjudicate fewer than all the claims or the rights and liabilities of all parties are appropriate in very few contexts. The motions may be brought where the Court has "patently misunderstood a party," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Reconsideration is "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

### 1.2    Due Process and Rule 60(b)(4)

Chagoya first argues that he did not get sufficient notice of nor an adequate opportunity to explain the procedural default that drove the Court's dismissal of two of his claimed grounds for relief. ECF No. 16 at 3–5. This, he says, amounts to a violation of the Due Process Clause, which is

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 6 of 31   Document 17

sufficient for the Court to grant relief from judgment pursuant to Federal Rule 60(b)(4). *See id.* Although the Court grants his motion for relief for other reasons stated below, the Court cannot agree with Chagoya that its previous two orders denied him due process.

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds*, 559 U.S. at 272 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see also Jones v. Flowers*, 547 U.S. 220, 225 (2006). "Violations of due process cognizable under Rule 60(b)(4) are those in which a court fails to give a party notice or an opportunity to be heard." *Schulze v. United States*, No. CR 02-00090 DAE, 2014 WL 12823643, at *6 (D. Haw. Jan. 30, 2014) (citing *United Student Aid Funds*, 559 U.S. at 271).

Here, Chagoya had notice and sufficient opportunity to respond to the procedural default issue; the demands of due process have been satisfied and relief under Rule 60(b)(4) is not warranted. To begin, Chagoya was on notice that he needed to explain his failure to appeal these two claims from the time he filed his initial motion: the form for bringing a § 2255 motion provides space for the movant to specify as much. *See, e.g.*, ECF No. 1 at 5–8 (asking the petitioner whether the two alleged grounds for relief were raised on direct appeal or in post-conviction proceedings, and if not, to "explain why you did not appeal or raise this issue"); *see also Nolan v. United States*, No. 1:13-CV-3630-RLV-JSA, 2014 WL 808018, at *3 (N.D. Ga. Feb. 27, 2014) ("Movant of course had notice and an opportunity to be heard because he initiated the § 2255 action."). The Court's subsequent screening order apprised him that his failure to appeal the claims was a problem, and

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 7 of 31   Document 17

briefly explained why. ECF No. 2 at 3 ("Petitioner has not explained whether there was cause for his failure to raise any of these claims on appeal, nor how that failure has prejudiced him.") To the extent that Chagoya was not aware that the claims in his motion on which he may have procedurally defaulted could be subject to dismissal at screening, the Court reiterates that even pro se litigants who are not well-versed in the intricacies of federal habeas practice are bound to follow proper procedure in bringing their claims. *See* ECF No. 14 at 4; *see also Beltz v. Quaker Oats Co.*, No. 94 C 767, 1995 WL 505469, at *3 (N.D. Ill. Aug. 18, 1995) (citing *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1149 (7th Cir. 1990) and noting that while pro se pleadings are construed liberally, "the reality of the law applies equally to all litigants").

If the motion form itself were not enough prompting, the Court's most recent order clarified that it dismissed the two claims because Chagoya failed to show "both (1) good cause for his failure to pursue [the] issue[s] on direct appeal, and (2) actual prejudice stemming from the alleged constitutional violation[s]." ECF No. 14 at 2 (quoting *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)). When he chose to file the instant motion for relief, he was apprised of this standard and had notice of the stakes of failure to meet it. *See United Student Aid Funds*, 559 U.S. at 272. Even without explicit prompting from the Court, he could have taken the opportunity to lay out in his motion for relief the facts supporting why his defaulted claims met the *Theodorou* cause-and-prejudice test such that the claims should not have been dismissed and relief under Rule 60(b) was justified. He could have done so in his first motion for reconsideration, for that matter (not knowing about the standard is no excuse, *see Beltz*, 1995 WL

Page 8 of 31

505469, at *3). In any event, he surely knew of the standard this time around, and could have argued the instant motion for relief under it.

Yet he did not do so. Rather, his motion for relief merely rehashes his dissatisfaction with the dismissal of the two claims without providing any new, *substantive* reason why the Court could now conclude he actually did meet *Theodorou*'s cause-and-prejudice standard. *See Cuesta v. Bertrand*, No. 04-C-645, 2006 WL 1598409, at *1 (E.D. Wis. June 1, 2006) (denying motion for reconsideration of dismissal of habeas petition where movant presented no new information to show why the challenged order was incorrectly decided). For these reasons, the Court cannot conclude Chagoya had no notice or opportunity to be heard on the issue of procedural default such that due process was denied. As a result, relief from the prior orders (1) disallowing him from pressing these two defaulted claims and (2) denying his motion to reconsider the dismissal of those claims is not warranted under Rule 60(b)(4). *See Schulze*, 2014 WL 12823643, at *6; *Lewis v. Vasbinder*, No. 2:04-CV-71140, 2021 WL 1115862, at *3 (E.D. Mich. Mar. 24, 2021); *Elizares v. Taylor*, No. 16-00580 HG-RLP, 2016 WL 6433831, at *4 (D. Haw. Oct. 28, 2016) (all denying relief under 60(b)(4) to § 2255 movants).

### 1.3    Other Bases for Relief

Notwithstanding Chagoya's failure to establish a due process claim to justify relief under Rule 60(b)(4), the Court finds that he has otherwise demonstrated sufficient fault in the Court's prior orders to justify relief from them under Rule 60(b)(6)'s residual catchall provision (as to the dismissed constitutional claim) and Rule 54(b) or Rule 59(e)'s misapprehension standard (as to the dismissed IAC claim). The Court grants Chagoya's motion for relief because it erroneously concluded at

screening that "it plainly appear[ed] from the motion, any attached exhibits, and the record of the prior proceedings that the moving party [was] not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings. However, the Court reminds Chagoya that this ruling means only that he *may* proceed on the claims he has alleged; an adjudication of the merits of those claims is for another day.

The Court's dismissal at screening of Chagoya's claim as to the constitutionality of United States Sentencing Guideline § 1B1.3 was improper. However, the Court notes that it was readily apparent from his motion that Chagoya had not appealed this claim. *See* ECF No. 1 at 7–8. His motion showed that he had not appealed *any* of his claims. *See id. generally*. He also offered absolutely no explanation for his failure to do so. *See id.* at 8 (stating "not appeal issue" as the reason he did not appeal this claim). This led the Court to presume that Chagoya had procedurally defaulted on this claim—a rational presumption to draw from the face of Chagoya's motion, to be sure, but not the only presumption available at screening.

The Court's further step to dismiss the claim was also not entirely unwarranted. "[A] district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou*, 887 F.2d at 1339; *see also United States v. Frady*, 456 U.S. 152, 165–66 (1982) (stating that habeas movants may not make "a collateral challenge . . . do service for [a direct] appeal" because "the Federal Government . . . has an interest in the finality of its criminal judgments"). Further, "[a] habeas petition should be dismissed if it appears plain that the petitioner is not entitled to relief." *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000).

In this light, the Court declines to adopt Chagoya's argument that he was entitled to "raise a constitutional attack against a guideline rule" for the first time on a habeas motion and without having directly appealed the issue, ECF No. 16 at 7, or that it was blatant legal error for the Court to dismiss the claim. Indeed, the case law points in a different direction. *Boyer v. U.S.*, which Chagoya cites, states that relief pursuant to § 2255 "is available if a prisoner can demonstrate that there are flaws in the conviction or sentence which are . . . constitutional in magnitude," but is inapposite because the very next sentence highlights that "failure to raise the [constitutional] claim earlier" bars its consideration on collateral review. 55 F.3d 296, 298 (7th Cir. 1995). Relief from the prior orders dismissing the claim therefore cannot issue under Rule 60(b)(1); it was not necessarily legal error to apply the procedural default standard against this claim when it appeared from the face of the motion that it was defaulted without cause. *See Kemp v. United States*, 596 U.S. ____ (2022).

As discussed above, Rule 60(b)(4)'s void-for-due-process-violation reasoning does not apply; the other grounds in Rule 60(b) (fraud and satisfied judgment) are irrelevant. That leaves only Rule 60(b)(6)'s residual catchall provision. The Court finds that, under these particular facts, Chagoya has satisfied this provision's "extraordinary circumstances" standard by showing that the Court worked a procedural irregularity by definitively determining Chagoya had procedurally defaulted on this claim, and dismissing it at screening, without full briefing on the issue from the parties. *Cf. Turner v. United States*, No. 09-CR-54, 2013 WL 2407560, at *2 (E.D. Wis. May 31, 2013) (citing *Gonzalez*, 545 U.S. at 531, and denying § 2255 movant's Rule 60(b) motion because the movant had not shown that

the district court procedurally erred by failing to liberally construe his motion).

The Court will also accept Chagoya's argument that his claim as to the application of the incorrect Guidelines to his sentence was actually an ineffective assistance of counsel (IAC) claim and the Court's misapprehension of this claim led to its improper dismissal on procedural default grounds. ECF No. 16 at 8. Relief from a prior order or judgment is justified when there has been a "manifest error of . . . fact." *Harrington*, 433 F.3d at 546 (giving Rule 59(e) standard); *see also Bank of Waunakee*, 906 F.2d at 1191 (noting Rule 54(e) authorizes relief if the court "has made an error not of reasoning but of apprehension").

Here, as Chagoya points out, the Court relied on the given caption of this claim—which stated that "counsel, government attorneys and sentencing judge did not take steps to protect Defendant Mario Chagoya at sentencing." ECF No. 1 at 5. In fairness, the claim's reference to *all* involved parties, as well as the statement that "the Court unconstitutionally applied" the applicable Guidelines, supported a reading of the claim as a challenge to the application of those Guidelines, rather than a claim to his trial attorney's failure to object to such application. Further, the Court essentially *did* allow Chagoya to proceed on this claim, albeit through combining it with another of his grounds for relief. *See* ECF No. 2 at 4 (allowing "Ground One: Counsel provided ineffective assistance during plea negotiations *and* sentencing . . .") (emphasis added).

Although the Court did the best it could with the motion as presented, as Chagoya argues, he is "entitled to include, exclude, or eliminate whatever claim or defense [he] see[s] fit to pursue or not." ECF

No. 16 at 6–7. The Court misapprehended this claim and how he wanted to present it. Chagoya will be afforded the chance to proceed on this IAC claim as detailed *infra* Section 2.

## 2.     SCREENING CHAGOYA'S AMENDED MOTION

Consistent with Section 1, the Court vacates its prior screening order in full, ECF No. 2. The Court additionally vacates in part its prior order, ECF No. 14, to the extent it denied Chagoya's motion for reconsideration on his disallowed claims on the basis of procedural default. The Court now turns to screening Chagoya's amended § 2255 motion. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the government to respond to the petition.

Chagoya's sentence became final on March 6, 2021; the Court previously found his original § 2255 motion was timely. ECF No. 2 at 2. In its most recent Order, the Court tolled the statute of limitations while

affording Chagoya time to file an amended motion. *See* ECF No. 14 at 10, n.3. The amended motion and the claims for relief enumerated therein are therefore timely.[2]

The Court next considers whether Chagoya's claims suffer from procedural default and are cognizable and non-frivolous. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Chagoya did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, a petitioner may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). In addition to avoiding procedural default, Chagoya must make a threshold showing that his claimed grounds for relief are cognizable and non-frivolous.

---

[2]Because the Court finds Chagoya's amended motion is timely, it does not address his arguments that the AEDPA statute of limitations is unconstitutional. ECF No. 15 at 11.

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 14 of 31   Document 17

Chagoya raises five grounds for relief in his amended motion. ECF No. 15 at 4–10. The Court examines in turn whether each ground avoids procedural default and is cognizable and non-frivolous.

First, Chagoya argues that his defense counsel at plea negotiation, Attorney Jensen, rendered ineffective assistance of counsel (IAC) by "allow[ing] the government to alter the indictment at the Rule 11 stage of the case" to include or charge a conspiracy offense rather than only the attempt offense to which Chagoya agreed to plead guilty. *Id.* at 4. Specifically, Chagoya alleges Attorney Jensen's IAC consisted of failing to investigate the facts underlying this supposed conspiracy charge, "deceiv[ing]" Chagoya into signing a plea agreement wherein conspiracy was charged, and "acting under a conflict of interest" in advising Chagoya to accept the plea agreement. *Id.* Since this claim arises from alleged IAC, Chagoya may raise it for the first time in a § 2255 motion; procedural default is not at issue. *See Massaro*, 538 U.S. at 504; *see also* ECF No. 2 at 4 (prior screening order allowing Chagoya to pursue similar theory). This claim is cognizable and non-frivolous.

Further, although the amended motion references only Attorney Jensen's conduct during plea negotiation, ECF No. 15 at 4, the Court will construe this claim to include Attorney Jensen's conduct both (1) during plea negotiations and (2) at sentencing with respect to the inclusion of conspiracy-related conduct in the plea agreement and consideration of such conduct at sentencing. *See* Section 1.3 *supra*; *see also* ECF No. 16 at 8–9 (Chagoya's motion for relief arguing that he should be allowed to proceed on an IAC claim "against his former attorney's deficient conduct during plea and sentencing phases").

Chagoya's second ground for relief is that "counsel provided ineffective assistance during the sentencing phase of this case in failing to raise objections to the relevant conduct enhancements." ECF No. 15 at 5. The "relevant conduct" he alleges Attorney Jensen should have objected to, but did not, were the "firearm counts" that were dismissed as a result of his plea agreement. *Id.* Chagoya also states that Attorney Jensen "lied to his client at the signing of the plea agreement" about this enhancement, which led Chagoya to misunderstand the plea agreement and how its terms would increase his sentencing exposure. *Id.* Since this claim arises from alleged IAC, Chagoya may raise it for the first time in a § 2255 motion.[3] *See Massaro*, 538 U.S. at 504; *see also* ECF No. 2 at 4 (prior screening order allowing Chagoya to pursue claim that it was IAC to fail to object to "the application of U.S.S.G. § 2D1.1(b)(1)," which provides for a sentencing enhancement for possession of firearms). The claim is cognizable and Chagoya will be allowed to proceed on this ground; as above, it will be construed to include Attorney Jensen's conduct at both plea negotiation and sentencing.[4]

The third ground for relief Chagoya raises is that Sentencing Guideline 1B1.3 is "unconstitutional as applied" because "that rule was

---

[3]The amended motion does not include a full description of whether Chagoya has directly appealed this claim or raised it on post-conviction review. *See* ECF No. 15 at 5–6. However, since it is an IAC claim, the Court can proceed without the benefit of his responses to these questions.

[4]As noted *infra* in the discussion of Chagoya's fifth ground for relief, Chagoya separately claims he was factually innocent of the firearm conduct considered at sentencing. Whether Attorney Jensen should have objected to the application of Sentencing Guideline § 2D1.1(b)(1) because Chagoya was innocent of firearm-related conduct, or for some other reason, the failure to object is cognizable as an IAC claim, and the Court will construe it as such.

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 16 of 31   Document 17

never authorized by Congress" nor did any "legislator . . . authorize[] the Commission to enact" that Guideline. ECF No. 15 at 6. This claim includes both an attack on the constitutionality of the Guideline itself, as well as what appears to be an IAC claim against Jensen for "hiding" from Chagoya that this sentencing guideline would allow consideration of relevant, uncharged conduct, which in Chagoya's estimation, was constitutionally improper. *Id.* As noted above, the IAC claim in this respect will be folded into Chagoya's first ground for relief. The Court will separate out these grounds for relief into two distinct claims.

As for the direct attack on the constitutionality of this Guideline, Chagoya explains his failure to raise the argument on direct appeal as due to Attorney Jensen's "refus[al] to file the requested appeal" because Jensen advised Chagoya that "the courts would not entertain the issue." *Id.* at 7. Chagoya has made a cognizable claim that there is a flaw in his conviction that may be "constitutional in magnitude." *Boyer*, 55 F.3d at 298. Though procedural default may bar relief, as discussed *supra* Section 1, it is too early to tell whether Chagoya has in fact procedurally defaulted on this claim. In the interest of liberally construing his motion, *Erickson v. Pardus*, 551 U.S. 89, 94, and thoroughly addressing all the concerns he has raised across all of his filings, the Court will allow this claim to proceed as an additional ground for relief, not explicitly stated in Chagoya's motion, but identified below as "Ground Six."

As for the IAC element of this ground, Chagoya will again be allowed to proceed. The Court construes this IAC claim to include Attorney Jensen's allegedly permitting, pursuant to a Sentencing Guideline that Chagoya alleges is unconstitutional, the consideration of certain conduct in

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 17 of 31   Document 17

plea negotiation; his alleged failure to object to the Guideline itself as unconstitutional at sentencing; and his alleged failure to appeal the constitutionality of this Guideline. The claim is cognizable in a § 2255 motion and, because IAC is alleged, the Court bypasses concerns of procedural default. *See Massaro*, 538 U.S. at 504.

The fourth ground of Chagoya's motion alleges another IAC claim based on Attorney Jensen's failure to "file the requested appeal on movant's Fourth Amendment *Franks* hearing." ECF No. 15 at 7. Since this claim arises from alleged IAC, Chagoya may raise it for the first time in a § 2255 motion; procedural default is not at issue.[5] *See Massaro*, 538 U.S. at 504; *see also* ECF No. 2 at 4 (prior screening order allowing Chagoya to pursue similar theory). This claim is cognizable and non-frivolous and Chagoya will be allowed to press it, as to Attorney Jensen's conduct at plea negotiations and sentencing.[6]

---

[5]Again, though the omission is immaterial, the amended motion does not include a full description of whether Chagoya has directly appealed this claim or raised it on post-conviction review. *See* ECF No. 15 at 7–8.

[6]Chagoya had four trial attorneys, the last of which was Attorney Jensen. *See United States v. Chagoya*, 19-CR-246-JPS (E.D. Wis. 2019). Attorney Jensen was not involved in the pretrial motions phase of this case. Another attorney, Thomas Hayes, brought the motions to suppress and motion for a *Franks* hearing, and after the magistrate judge denied all three, brought a timely motion for "de novo review" of the magistrate's ruling. *See id.* at ECF Nos. 15, 16, 17, 33. After Hayes withdrew, two different attorneys (Michael Hart and Craig Powell) appeared for Chagoya. *See id.* at ECF Nos. 29, 31, 32. Hart and Powell did not file any objection to the magistrate's ruling.

The § 2255 motion does not allege Hayes, Hart, or Powell committed IAC for their actions as described above—only that Attorney Jensen's failure to *appeal* the denial of the motions to suppress and motion for a *Franks* hearing was IAC. *See* ECF No. 15 at 7. Accordingly, the claim—and the related waiver, see *infra* Section 3—will only proceed against Attorney Jensen.

Page 18 of 31

Chagoya's fifth and final ground for his motion purports to rely on the Supreme Court's recent decision in *United States v. Taylor*, decided June 21, 2022—after Chagoya's conviction and sentencing occurred and his time for direct appeal expired. *See* ECF No. 2 at 2; Fed. R. App. P. 4(a)(1)(B). *Taylor* holds that attempted Hobbs Act robbery does not qualify as a crime of violence and therefore does not trigger an enhanced penalty under 18 U.S.C. § 924(c)(3)(A). *United States v. Taylor*, 596 U.S. ___ (2022). Chagoya argued in his prior motion to supplement his petition that, because he pled guilty to an inchoate crime (attempted possession with intent to distribute a controlled substance), the "far-reaching" result in *Taylor* dictates that he should not have been subject to any sentence enhancements for weapons used or possessed in the offense of conviction, and additionally is actually innocent "of any sentence enhancements." ECF No. 8 at 2.

As with ground three, Chagoya's amended motion packs two distinct issues into one claim; the Court parses the issues here and will allow Chagoya to proceed as specified. The first issue, he says, is that he was adjudicated guilty of an inchoate drug crime and received a sentence enhancement for the involvement of a firearm in the drug crime, but—pursuant to *United States v. Taylor*—perhaps the sentence enhancement should not have been applied. ECF No. 15 at 8. Chagoya points out that *Taylor* was decided after he was sentenced and, despite his not having appealed the issue, he may be entitled to have it retroactively applied to his case (presumably with the purpose of recalculating his sentence). This claim is cognizable and non-frivolous. The failure to appeal on this basis does not bar this claim for now; the Court reserves the questions of whether the claim may be addressed on collateral review under the doctrine of *Teague v. Lane*,

488 U.S. 288 (1989), and whether *Taylor* does in fact retroactively apply to Chagoya's case, for another day.

The second issue Chagoya alleges is that Attorney Jensen was ineffective by failing to object that Chagoya was factually innocent of the firearm-related conduct because another person, "Mr. Quiroz[,] admitted he was the purchaser of those weapons," and no physical evidence tied the firearms to Chagoya. ECF No. 15 at 8. Jensen's supposed failure to object led to consideration of the firearm conduct at sentencing which triggered a sentence enhancement. Whether Chagoya was innocent of any firearm-related conduct is distinct from his claim for retroactive application of *Taylor*. However, whether he was innocent of any firearm-related conduct is part and parcel of Chagoya's IAC claim as to Attorney Jensen's failure to object to the application of Sentencing Guideline § 2D1.1(b)(1)'s firearm enhancement—so it will not be recognized as a separate claim, but rather included as part of that IAC claim. *See supra* note 4.

To summarize, and in light of the foregoing, Chagoya's amended § 2255 motion may proceed on the following grounds:

**Ground One**: Attorney Jensen provided ineffective assistance (1) during plea negotiations and (2) at sentencing with respect to the inclusion and consideration of conspiracy conduct in such proceedings;

**Ground Two**: Attorney Jensen provided ineffective assistance (1) during plea negotiations and (2) at sentencing by failing to object to the application of U.S.S.G. § 2D1.1(b)(1)'s firearm enhancement;

**Ground Three:** Attorney Jensen provided ineffective assistance (1) during plea negotiations and (2) at sentencing by failing to object that

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 20 of 31   Document 17

U.S.S.G. § 1B1.3 is unconstitutional, and by failing to directly appeal on the same basis;

Ground Four: Attorney Jensen provided ineffective assistance by failing to appeal the magistrate judge's ruling on Chagoya's motions to suppress and motion for a *Franks* hearing;

Ground Five: *United States v. Taylor*, 596 U.S. ___ (2022), is both retroactively applicable and applicable to Chagoya's criminal case, and as a result barred application of the firearm enhancement in calculating the sentence for Chagoya's inchoate drug offense; and

Ground Six: U.S.S.G. § 1B1.3 is unconstitutional.

The Court's prior screening order, ECF No. 2, is vacated in full, and prior and order affirming the dismissing of certain claims for procedural default, ECF No. 14, is vacated in part. The Court again emphasizes that its Order today takes no position on whether procedural default has occurred on the claims where this issue may be relevant.

## 3. UNITED STATES' MOTION TO FIND WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States—presumably seeking to facilitate the disclosure of facts relevant to Chagoya's IAC claims—asks the Court to find Chagoya has waived his attorney-client privilege for communications related to his IAC claims, and to direct his trial counsel, Attorney Jensen, to communicate with counsel for the United States with regard to those claims. ECF No. 3. The United States seeks "a judicial determination that [such] disclosure . . . would not violate the attorney-client privilege" in light of the fact that Chagoya has not expressly waived his attorney-client privilege with respect to any of the defense attorneys he had throughout his case. *Id.* at 3. The

United States further argues that Attorney Jensen, who represented Chagoya in "trial preparation, plea negotiations, and at sentencing," would likely have the information relevant to assessing the reasonableness of his actions. *Id.*

Chagoya opposes the motion. ECF No. 7. Specifically, he objects to the United States' motion on the basis that counsel for the United States "are asking to Court to Order that[] Defense Counsel Jensen cooperate or provide information against Mr. Mario Chagoya," which in his estimation is "highly illegal," would "create a conflict[t] of interest," and is outside the Court's authority. *Id.* at 1–2.[7]

The generally accepted rule is that a litigant who challenges the sufficiency of his attorney's services impliedly waives the attorney-client privilege as to those matters. *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175

---

[7]In a subsequent filing dated July 22, 2022 and docketed on July 28, 2022, Chagoya further objects that the United States did not initially serve a copy of its motion on him and expresses concerns that "the United States Attorneys seem to work at getting the upper-hand" on him. ECF No. 13 at 2. Relatedly, he makes requests as to how his trial counsel may communicate with the United States, should the Court find waiver. *Id.* at 2.

This filing is untimely as a response in opposition to the government's motion. *See* Civ. L.R. 7(b) (opposition briefs must be filed within 21 days of service of this type of motion). Even if the Court were obligated to consider these objections in ruling on the motion for waiver, *see Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 896 (7th Cir. 2000) (district court did not abuse its discretion by declining to consider untimely-filed response brief), these objections do not substantially differ from Chagoya's initial objections. The Court has also already addressed his concerns about an apparent lack of service of the United States' motion. *See* ECF No. 10 at 2, n.1 (directing United States to file certificates of service on the docket for all subsequent filings). The Court therefore notes but will not specifically consider Chagoya's additional objections, but below addresses his requests as to implementation of the Court's finding of waiver in the discovery process in this case.

n. 1 (7th Cir.1995) ("We note that the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."). "Implied waiver of the privilege can be found when a petitioner asserts ineffective assistance of counsel in a habeas case." *Knope v. United States*, No. 13-C-0043, 2015 WL 2185990, at *2 (E.D. Wis. May 11, 2015) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.")). "The fact that the petitioner is pro se does not appear to be relevant." *Jenkins v. United States*, No. 07-CR-72, 2010 WL 145850, at *2 (E.D. Wis. Jan. 8, 2010) (citing *U.S. v. Pinson*, 584 F.3d 972, 972 (10th Cir. 2009)).

"When a petitioner expressly denies waiver of the privilege after asserting an ineffective assistance of counsel claim, the claim cannot stand unless the petitioner permits disclosure of communications necessary for the respondent to adequately defend against the ineffective assistance of counsel claim." *Knope*, 2015 WL 2185990, at *2. "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720. Still, "[t]he court should recognize a waiver no broader than necessary to ensure the fairness of the proceedings" and should authorize "disclosure of only those communications specific to the claim." *Knope*, 2015 WL 2185990, at *2 (citing *Bittaker*, 331 F.3d at 720).

Considering this standard, the Court will grant the United States' motion as to waiver, ECF No. 3. The Court finds that Chagoya has waived his attorney-client privilege with respect to certain actions by his trial counsel Attorney Jensen by raising claims challenging the constitutional sufficiency of counsel's representation. Chagoya's objections, while perhaps rooted in a concern about being able to press his claims in a fair proceeding, are unfounded. The Court's finding of waiver does not permit or require his trial counsel to conspire against him; it only permits trial counsel to disclose sufficient information to enable the United States to know the contours of the IAC claims it is defending itself against. *See Bittaker*, 331 F.3d at 720.

Accordingly, the Court limits the scope of the waiver of attorney-client privilege to the relevant grounds of Chagoya's amended motion as the Court has construed it: Grounds One, Two, Three, and Four, as set forth *supra* Section 2. Attorney Jensen is ordered to file an affidavit consistent with the terms of this Order **within thirty (30) days of the date of this Order**. The United States must ensure that Attorney Jensen's affidavit is served on Chagoya, and certify as much with a filing on the docket. The United States shall have sixty (60) days from the date Attorney Jensen files his affidavit to file its answer or otherwise respond to Chagoya's amended § 2255 motion; briefing will proceed thereafter as set forth below.

4.    **CHAGOYA'S MOTIONS TO COMPEL AND RELATED DISCOVERY REQUESTS**

The Court will deny Chagoya's motions to compel Attorney Jensen to turn over his case file. ECF Nos. 6 and 9. "A party seeking discovery may move for an order compelling . . . production . . . if a *party* fails to produce

documents[.]" Fed. R. Civ. P. 37(a)(3)(B) (emphasis added). Non-parties may be compelled to provide requested documents with a subpoena. *See generally* Fed. R. Civ. P. 45. Attorney Jensen has an interest in the litigation since he is now required to respond to this Order, but is not a party to the case, and Chagoya has not served a subpoena on him. It is not even clear whether Chagoya has informally requested that Attorney Jensen surrender his file. Accordingly, the Court will not grant Chagoya's requests.

However, Chagoya highlights—and the Court agrees—that it is his defense counsel's ethical duty to turn over his case file to him. ECF No. 6 at 2. In assessing a motion to withdraw from representation, "[m]ost federal courts use the ethical rules of the state in which they sit." *Watkins v. TransUnion, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009)). The Wisconsin ethical rules for attorneys provide that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests . . . [including] surrendering papers and property to which the client is entitled." Wis. Sup. Ct. R. 20:1.16(d). A formal ethics opinion similarly states that "the client's file is the client's property and SCR 20:1.16(d) requires a lawyer to surrender the file upon termination of representation." Wis. Formal Ethics Op. EF-16-03: Surrender the Client File upon Termination of Representation (2016). Accordingly, though the Court does not grant Chagoya's motions to compel, it does emphasize that his trial counsel is ethically bound to honor his request.

Chagoya requests, in his second set of objections to the United States' motion for waiver, that the United States' motion "should be stricken [from] the record" or, if granted, that the Court require that communications

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 25 of 31   Document 17

between the United States and petitioner's trial counsel "be conducted via interrogatories" subject to the Court's review "prior to counsel's responding," and that he be given a chance to raise objections to the form of the interrogatories. ECF No. 13 at 2. Because the Court finds waiver, the Court will not grant Chagoya's first request to strike the United States' motion.

The Court will not grant Chagoya's second request either—as long as the parties comply with applicable federal and local rules of procedure, this Court is not in the business of preemptively ordering that the civil discovery process take place in a particular way. To the extent any additional discovery is sought, the parties should manage discovery between themselves and should attempt to mutually resolve any disputes before asking the Court to intervene. *See* Civ. L.R. 37 ("All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord.").

5.   **CONCLUSION**

The Court grants the United States' motion for waiver and responds to Chagoya's various pending motions as set forth above. The Court will deny Chagoya's first § 2255 motion, ECF No. 1, as moot because his claims now proceed through the amended motion as construed in this Order.

On a final note, given the exceptionally detailed review given to Chagoya's original and amended § 2255 motions and his flurry of related filings, the Court cautions him that any further filings where he attempts to

add new grounds for habeas relief, or challenge the Court's screening decisions as stated herein, will be viewed unfavorably.

In light of the foregoing, the Court orders Attorney Jensen to file an affidavit consistent with the terms of this Order within **thirty (30) days** of the date of this Order. The Court further directs the United States to file either (1) an answer to Chagoya's amended § 2255 motion, as construed in this Order, and complying with Rule 5 of the Rules Governing § 2255 Cases and showing cause, if any, why the writ should not issue; or (2) an appropriate motion seeking dismissal of this case, **within sixty (60) days** of the date Attorney Jensen files his affidavit.

If the United States files an answer, then the parties shall abide by the following briefing schedule. Chagoya must file a brief in support of his motion as construed in this Order, providing reasons why the writ of habeas corpus should issue and his conviction should be vacated, **within sixty (60) days** of the date the United States files its answer. Pursuant to Civil Local Rule 7(f), Chagoya's brief may not exceed thirty (30) pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block. The United States must then file an opposition brief, providing reasons why the writ of habeas corpus should not issue, within **sixty (60) days** of the date Chagoya files his brief in support of his motion. The United States' brief in opposition may not exceed thirty (30) pages. Civil L.R. 7(f). Chagoya may then file a reply brief, responding to the United States' opposition brief, within **thirty (30) days** of the date the United States files its opposition brief. Chagoya's reply brief may not exceed fifteen (15) pages. *Id.* **No extensions of time will be granted.**

If the United States files a dispositive motion in lieu of an answer, its brief in support of the motion shall not exceed thirty (30) pages, *id*.; the parties shall then abide by the following briefing schedule. Chagoya shall file a brief in opposition to the motion within **sixty (60) days** of the date the United States files it motion. Chagoya's brief in opposition may not exceed thirty (30) pages. *Id.* The United States may then file a reply brief within **thirty (30) days** of the date Chagoya files his brief in opposition. The United States' reply brief may not exceed fifteen (15) pages. *Id.* **No extensions of time will be granted.**

Accordingly,

**IT IS ORDERED** that Petitioner Mario Chagoya's motion for relief, ECF No. 16, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Court's initial screening order, ECF No. 2, be and the same is hereby **VACATED in full**;

**IT IS FURTHER ORDERED** that the Court's order denying Petitioner Mario Chagoya's motion for reconsideration, ECF No. 14, be and the same is hereby **VACATED in part** to the extent the Court found procedural default on two of the grounds for relief Chagoya alleged in his original motion;

**IT IS FURTHER ORDERED** that the United States' motion for a finding that Petitioner Mario Chagoya has waived his attorney-client privilege as to his ineffective assistance of counsel claims against Attorney Jeffrey Jensen, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Attorney Jeffrey Jensen shall file an affidavit responding to Petitioner Mario Chagoya's grounds for relief as construed in this Order **within thirty (30) days of the date of this Order**;

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 28 of 31   Document 17

**IT IS FURTHER ORDERED** that the United States shall ensure Attorney Jeffrey Jensen's affidavit is served on Petitioner Mario Chagoya, and file a certificate of service on the docket;

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya's motions to compel Attorney Jeffrey Jensen to surrender his case file, ECF Nos. 6 and 9, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya's request that the United States' motion for waiver be stricken from the record, or alternatively that communication between the United States and Petitioner Mario Chagoya's trial counsel occur via Court-approved interrogatories with the opportunity to object, ECF No. 13, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya's first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same hereby is **DENIED as moot;**

**IT IS FURTHER ORDERED** that Petitioner Mario Chagoya's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 15, and his six grounds for relief as construed in this Order, shall be the operative motion in this matter; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following:

1. Within **sixty (60) days** of the filing of the affidavit by Attorney Jeffrey Jensen, the United States shall file either an answer to Petitioner Mario Chagoya's amended § 2255 motion, complying with Rule 5 of the Rules Governing § 2255 Cases and showing cause, if any, why the writ should not issue, or an appropriate motion seeking dismissal of this action;

Case 2:22-cv-00356-JPS   Filed 12/02/22   Page 29 of 31   Document 17

2.     If the United States files an answer, then the parties shall abide by the following schedule:

a.     Petitioner Mario Chagoya shall file his brief in support of his motion, providing reasons why the writ of habeas corpus should issue and his conviction should be vacated, within **sixty (60) days** of the date the United States files its answer;

b.     The United States shall file an opposition brief, providing reasons why the writ of habeas corpus should not issue, **within sixty (60) days** of the date Chagoya files his brief in support of his motion;

c.     Chagoya may file a reply brief **within thirty (30) days** of the date the United States files its opposition brief;

3.     If the United States files a dispositive motion in lieu of an answer, then the parties shall abide by the following schedule:

a.     Petitioner Mario Chagoya shall file his brief in opposition to the United States' motion within **sixty (60) days** of the date the United States files its motion;

b.     The United States may file a reply brief within **thirty (30) days** of the date Chagoya files his brief in opposition;

4.     Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or opposition to a motion may not exceed thirty (30) pages and reply briefs may not exceed fifteen (15) pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2022.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge