# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARIO CHAGOYA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 22-CV-356-JPS

**ORDER**

## 1. INTRODUCTION

On March 6, 2024, the Court denied Petitioner Mario Chagoya's ("Chagoya") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 41. In that order, the Court also denied Chagoya's motion to amend his already once-amended § 2255 motion in order "to change the legal theory, correct technical deficiencies[,] and expand the facts" related to one or more of his asserted grounds for relief. *Id.* at 34–35 (quoting ECF No. 33 at 2). Chagoya now moves under Federal Rule of Civil Procedure 59(e),[1] seeking to alter or amend the Court's judgment solely with respect to the denial of his motion for leave to amend. ECF No. 43. He argues that the denial of his motion to amend was a manifest error of law or fact, and he further seeks a certificate of appealability. *See generally id.* The Rule 59(e) motion is fully briefed, ECF Nos. 47 and 51, and will be denied for the reasons stated herein.

---

[1]The motion is dated April 2, 2024. Chagoya's deadline to file it was April 3, 2024. *See* Fed. R. Civ. P. 59(e). The motion is timely. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988).

## 2. LEGAL STANDARD

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). "A 'manifest error' is not demonstrated by the disappointment of the losing party [but rather] the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Motions that "merely . . . rehash[] old arguments" do not meet this standard. *Id.*

## 3. BACKGROUND

The Court permitted Chagoya's amended § 2255 motion to proceed after Rule 4 screening on the following grounds:

> **Ground One**: [trial counsel] Attorney [Jeffrey] Jensen [("Attorney Jensen" or "Jensen")] provided ineffective assistance (1) during plea negotiations and (2) at sentencing with respect to the inclusion and consideration of conspiracy conduct in such proceedings;
>
> **Ground Two**: Attorney Jensen provided ineffective assistance (1) during plea negotiations and (2) at sentencing by failing to object to the application of U.S.S.G. § 2D1.1(b)(1)'s firearm enhancement;
>
> **Ground Three:** Attorney Jensen provided ineffective assistance (1) during plea negotiations and (2) at sentencing by failing to object that U.S.S.G. § 1B1.3 is unconstitutional, and by failing to directly appeal on the same basis;
>
> **Ground Four:** Attorney Jensen provided ineffective assistance by failing to appeal the magistrate judge's ruling

on Chagoya's motions to suppress and . . . for a *Franks* hearing;

**Ground Five:** *United States v. Taylor*, 596 U.S. ___ (2022), is both retroactively applicable and applicable to Chagoya's criminal case, and as a result barred application of the firearm enhancement in calculating the sentence for Chagoya's inchoate drug offense; and

**Ground Six**: U.S.S.G. § 1B1.3 is unconstitutional.

ECF No. 17 at 20–21.

Chagoya's motion to amend "specifically relate[d] to Grounds [T]wo and [T]hree" of his amended § 2255 motion. ECF No. 33 at 2. He wished to reframe the ground(s) as follows:

Amended Issue/Question for Habeas Relief[:] Whether the movant was denied his Sixth Amendment Right to Effective Representation when Attorney Jensen did not object to the district court's finding on drug quantity based upon pure speculation and unsupported conjecture.

*Id.* The Court understood the motion to amend as "seek[ing] to assert a new legal theory that is a slightly different version of what he is already asserting as Jensen's constitutional ineffectiveness in Ground Three (and possibly Grounds One and Six as well)." ECF No. 41 at 34.[2]

---

[2]In a separate motion raising a different request, Chagoya again characterized his motion to amend—probably mistakenly—as seeking to modify his "Ground Two," but otherwise referring in substance to Ground Three. ECF No. 36 at 2 ("Ground Two pertains to [an] enhancement[] Chagoya received under U.S.S.G. . . . § 2D1.1(c)(5) and § 1B1.3 which rely on the drug quantity."). The Court repeated the error. ECF No. 41 at 34. Even now, Chagoya characterizes the motion to amend as "expanding the facts of Grounds [T]wo and [T]hree." ECF No. 43 at 6.

But Ground Two clearly was not relevant for consideration then, nor is it now, because it deals with a firearm enhancement, and Chagoya's motion to amend and Rule 59(e) motion raise no arguments related to a firearm enhancement. Grounds Four and Five are also not relevant here.

Page 3 of 12

After finding all six of the grounds for relief in Chagoya's amended § 2255 motion to be without merit, the Court further declined to grant his motion to amend, citing three reasons for doing so. *Id.* at 20–33, 34–35. First, it noted its previous warning to Chagoya against "attempt[ing] to add new grounds for relief . . . or [to] challenge the Court's screening decisions," and that his motion to amend "violate[d] the spirit of that warning." *Id.* at 34 (quoting ECF No. 17 at 26–27). Second, it found that Chagoya's amendment attempted to raise a new legal theory premised on facts that had been available to him from early on in this case—essentially, that Chagoya's time to raise new legal theories had passed. *Id.* at 35 (citing ECF No. 33 at 4–9). Third and finally, it found that any such legal theory was meritless—and therefore adding it to the § 2255 motion unnecessary—because "Jensen did what Petitioner says he should have done, and therefore cannot be found [constitutionally] ineffective." *Id.*

4. ANALYSIS

    4.1 **Proposed Amendment**

Chagoya takes issue with all three of the Court's reasons for denying his motion to amend, arguing that the Court erred by disregarding the standard for "relation back" of amendments to operative pleadings. ECF No. 43 at 1 (citing Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644 (2005); *Coleman v. United States*, 79 F.4th 822 (7th Cir. 2023); and *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010)); *id.* at 4–8.

Chagoya first argues that his proposed amendment met the requirements of Federal Rule of Civil Procedure 15 and that the Court's refusal to permit him to further amend his § 2255 motion is inconsistent with Rule 15, therefore constituting a manifest error of law. *Id.* at 4–7; *id.* at

Page 4 of 12

9 ("Judge Stadtmueller has not ruled, nor disputed, that [the motion to amend] doesn't satisfy all of the requirements of Fed. R. Civ. P. 15(c) . . . because it does."). "The [C]ourt should freely give leave [to amend the operative pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Coleman*, 79 F.4th at 827 (quoting *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015)). This standard is "limited . . . by any applicable statute of limitations." *Id.* (citing *Mayle*, 545 U.S. at 655). Accordingly, a party may amend his operative pleading "after the statute of limitations has run . . . [when] such amendment . . . 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B)). "[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (citations and internal quotation marks omitted)).

Chagoya points out that his proposed amendment sought only to change the legal theory of one or more of his grounds for relief and "did not attempt to add new grounds for habeas relief." ECF No. 43 at 6. For this reason, he posits that the proposed amendment was consistent with Rule 15(c)[3] as well as the Court's prior warning against attempting to amend his § 2255 motion. *Id.*

---

[3]Chagoya's judgment of conviction in the underlying criminal case became final on July 22, 2021, fourteen days after it was entered and his time to appeal expired. ECF No. 2 at 2 ("The Court entered judgment in Petitioner's [underlying criminal] case on July 8, 2021 . . . .") (vacated on unrelated grounds by ECF No.

Page 5 of 12

This is a valid point, which invites the Court to clarify its reasoning for denying Chagoya's motion to amend. Chagoya is correct that his proposed amendment does appear to satisfy the relation-back requirement of Rule 15(c). The Court neglected to explain this explicitly or cite to Rule 15; it does so now. It did not find that Chagoya's proposed amendment attempted to add anything outside the "common core of operative facts," *Mayle* 545 U.S. at 659 (citations omitted), that formed the basis of the grounds on which Chagoya had been permitted to proceed. To the contrary, the Court noted that the proposed amendment appeared so closely related to the preexisting grounds as to be indistinguishable from them. ECF No. 41 at 35 ("[T]he Court discerns nothing new in Petitioner's motion that would warrant amendment of the operative motion."). So, in short, Chagoya is correct in this regard, and his proposed amendment did meet Rule 15(c)'s standard (to the extent that rule applies, *see supra* note 3).

Chagoya further argues that any concern the Court had about the timeliness of the proposed amendment "usurps the purpose of Rule 15(c)" to permit relation back and also unfairly discounts his pro se status and imposes "to[o] high a burden upon him to know what facts could result in the granting of relief." ECF No. 43 at 6–7. Again, these are fair points, but

---

17); Fed. R. App. P. 4(b)(1)(A)(I). His original § 2255 motion was filed on March 21, 2022 and was timely. 28 U.S.C. § 2255(f)(1) (providing one year to file motion from the date the judgment becomes final). His amended § 2255 motion, filed September 20, 2022, was also found timely because the Court tolled the statute of limitations while Chagoya prepared the amendment. ECF No. 17 at 13–14 (citing ECF No. 14 at 10 n.3).

Chagoya filed his motion to amend on September 18, 2023; it therefore appears to have been filed outside of the one-year statute of limitations applicable to § 2255 motions. The Court therefore presumes that Rule 15(c) applies.

they are ultimately unpersuasive. As noted above, the Court must give leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Coleman*, 79 F.4th at 827 (citation omitted). Though it did not use this specific language in its order denying the motion for leave to amend, the Court found that Chagoya had unduly delayed proposing his amendment, and for that reason—as well as for futility—declined to accept it. ECF No. 41 at 35. The docket in this matter demonstrates a pattern of delay, attributable to Chagoya, which resulted in the Court, time and time again, indulging him with opportunities to present his case as he saw fit. *See, e.g.*, ECF Nos. 17, 22, 26, 28. With the Court's permission, he expanded the grounds raised in his § 2255 motion substantially over the course of this litigation. ECF Nos. 1, 2, 4, 8, 14, 17. He then proposed another amendment after merits briefing on his amended § 2255 motion had concluded. *See* ECF Nos. 17, 20, 30, 32, 34. While none of this is necessarily dispositive to the application of Rule 15 *in general*, it was highly relevant in Chagoya's particular circumstances and to the Court's finding that Chagoya's motion to amend was yet another delay tactic in this protracted proceeding.

Chagoya acknowledges the "undue delay" exception to Rule 15(a) as well as the facts underlying his proposed amendment having been previously available to him. ECF No. 43 at 7, 9–10 (citing Fed. R. Civ. P. 15(a)(2)). But he argues that he should be held to a more lenient standard as an incarcerated pro se litigant. *Id*. at 7. This is unpersuasive. It is true that pro se filings are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But this

does not mean that the Court must relax procedural standards for him. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."); *Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016) ("We have repeatedly held that requiring strict compliance with [procedural rules, including local rules] is not an abuse of the district court's discretion." (citing *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004))). Chagoya has demonstrated above-average competence as a pro se litigant, capably litigating motions seeking everything from extensions of time to disclosure of discovery material to reconsideration. ECF Nos. 4, 6, 8, 9, 13, 16, 21, 23, 28. Obviously, he understands the rules and knows how to wield them. The Court was acting well within its discretion in denying him leave to amend for undue delay.

Chagoya's final argument for amendment of the judgment is that the Court misunderstood the factual basis of his proposed amendment and committed a manifest error of fact in disregarding it as unmeritorious. ECF No. 43 at 7–8. Specifically, he believes that the Court misunderstood his proposed amendment as alleging that Jensen was ineffective for failing to object to the United States Probation Office's ("Probation") recommendation as to drug quantity, when his amendment actually attempted to argue that Jensen was ineffective for "fail[ing] to object to [the Court's] abdication of [its] duty to ensure that the prosecution met the preponderance of the evidence standard" with respect to drug quantity. *Id.* at 8.

The Court did not misunderstand the factual basis of Chagoya's proposed amendment; it found the proposed amendment futile. ECF No. 41 at 35. The Court did not see merit in any argument that Jensen was

constitutionally ineffective for failing to object—whether during preparation of the Pre-Sentence Investigation Report or when the Court was determining the applicable United States Sentencing Guidelines—to the amount of drugs attributed to Chagoya, because Jensen in fact did so. *Id.* The Court understands how this theory is distinct from the six grounds for relief on which it permitted Chagoya to proceed. What it does not understand is how Chagoya's proposed amendment is anything different than what the Court construed it to mean.

Chagoya says he ought to have been permitted to proceed on a claim that *Jensen* should have objected that the Court failed to properly apply the preponderance of the evidence standard and therefore was constitutionally ineffective. But Jensen specifically did so at the sentencing hearing, and the argument was unsuccessful: the Court sided with the Government on the issue of drug quantity. *See* ECF No. 33 at 4–9 (motion to amend reproducing sentencing transcript where Jensen argues that there is insufficient evidence to support the Government's suggested drug quantity finding and Court overrules Jensen's objection). Jensen did not object further after that, because he was not required to. The Seventh Circuit has noted that "[i]t is enough that defense counsel alerted the court and the opposing party to the specific grounds for the objection in a timely fashion." *United States v. James*, 464 F.3d 699, 707 n.1 (7th Cir. 2006) (citing *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998)). "There is no utility in requiring defense counsel to object again after the court has made its final ruling." *Id.* (citing *Wilson v. Williams*, 182 F.3d 562, 566–67 (7th Cir. 1999) (*en banc*)); *see also United States v. Echols*, 104 F.4th 1023, 1028–29 (7th Cir. 2024) (collecting cases and explaining that specific objections that "give the opposing party and the

Page 9 of 12

Case 2:22-cv-00356-JPS    Filed 09/04/24    Page 9 of 12    Document 52

trial judge a fair opportunity to consider the objection, debate it, and rule on it" are sufficient to preserve error for appellate review).

What Chagoya really seems to argue is not a claim that Jensen rendered ineffective assistance of counsel in when and how he objected to drug findings before and at sentencing—rather, at bottom, Chagoya is pressing a claim that *the Court* misapplied the standard when it overruled Jensen's objection on the drug quantity to be attributed to Chagoya. This is a claim that Chagoya should have presented on direct appeal. Chagoya forewent an appeal on this or any claim, no doubt because he largely waived his appellate rights in his plea agreement. ECF No. 41 at 13–20.[4] Framing this objection to the Court's drug quantity findings and the resulting sentence as an ineffective assistance of counsel claim therefore does not save it. And to the extent it can be considered as an ineffective assistance of counsel claim (which the Court did, ECF No. 41 at 35), it is without merit, because Jensen objected as he was required to, as the authorities cited above make clear. Accordingly, the proposed amendment was, and still is, futile, and the Court was not and is not required to permit Chagoya to add it to his amended § 2255 motion. *Coleman*, 79 F.4th at 827 (citation omitted).

For all these reasons, the Court finds that it did not commit a manifest error of law or fact in denying Chagoya's motion to amend, and it therefore must deny his Rule 59(e) motion.

---

[4] The fact that the Court permitted Chagoya to proceed on claims in his § 2255 motion that he did not raise on direct appeal is of no consequence, because the Court specifically found that those claims were both subject to the appellate waiver in his plea agreement and unmeritorious.

### 4.2 Certificate of Appealability

Chagoya further seeks a certificate of appealability, ostensibly on the issue of his motion to amend being denied. ECF No. 43 at 8. However, to satisfy the requirement that he "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), he relies on the merits of the underlying ineffective assistance of counsel claim that he attempted to add to his amended § 2255 motion through his motion to amend. But the heart of Chagoya's request for a certificate of appealability does not touch on a constitutional question; he wants to appeal the denial of his motion to amend, which is distinct from the underlying claim he attempted to assert via the amendment.

Chagoya is free to seek to appeal any and all issues he wishes to raise, both with respect to the Court's conclusions as to the grounds for relief in his amended § 2255 motion as well as its denying his motion to amend. The Court's denial of his request for a certificate of appealability does not necessarily deprive him of that opportunity. Chagoya may still attempt to appeal the order denying his amended § 2255 motion, including all grounds asserted therein, as well as the denial of his motion to amend. ECF Nos. 41, 42. To do so, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22, which permits an applicant to "request a circuit judge to issue" such a certificate when "the district judge has denied" one. He may also wish to consult Federal Rule of Appellate Procedure 4(a)(1) and (4) to determine the deadline for filing a notice of appeal.

### 5. CONCLUSION

For all these reasons, Chagoya's Rule 59(e) motion to alter or amend the judgment in his case must be denied, and his request therein for a certificate of appealability must also be denied. Accordingly,

**IT IS ORDERED** that Petitioner Mario Chagoya's motion to alter or amend the judgment in this case, ECF No. 43, be and the same hereby is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge